IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREGORY FESSLER, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | NO. 08-cv-1756 |
| | : | |
| PPL UTILITIES CORPORATION, | : | |
| Defendant | : | |

**MEMORANDUM OPINION & ORDER**

GOLDEN, J.                                                                                                AUGUST 12, 2008

Plaintiff brought this suit in the Court of Common Pleas of Lehigh County under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, et seq., and various Pennsylvania state statutes, alleging he was terminated in retaliation for 2005 complaints filed with the Pennsylvania Human Relations Commission ("PHRC") and the Equal Employment Opportunity Commission ("EEOC"), and due to discrimination based on his age.

Before the Court is Defendant's motion to dismiss Count I (age discrimination under ADEA - disparate treatment), Count II (age discrimination under ADEA - disparate impact) and Count IV (age discrimination under Pennsylvania Human Relations Act) of Plaintiff's complaint for failure to exhaust administrative remedies. For the reasons that follow, the Court will grant Defendant's motion as to all three counts.

STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows courts to screen out cases "where a complaint states a claim based upon a wrong for which there is clearly no remedy, or a claim

which the plaintiff is without right or power to assert and for which no relief could possibly be granted." Port Auth. v. Arcadian Corp., 189 F.3d 305, 311-12 (3d Cir. 1999).[1]  The Third Circuit Court of Appeals instructs that "the complaint will withstand a Fed. R. Civ. P. 12(b)(6) attack if the material facts as alleged, in addition to inferences drawn from those allegations, provide a basis for recovery." Menkowitz v. Pottstown Mem'l Med. Ctr., 154 F.3d 113, 124-25 (3d Cir. 1998).  In deciding a motion to dismiss, a court is required to accept all of the plaintiff's factual allegations as true. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  Thus, a court should grant a motion to dismiss only when it is "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Johnsrud v. Carter, 620 F.2d 29, 33 (3d Cir. 1980).  In resolving a motion to dismiss, the court must primarily consider the allegations contained in the complaint, although matters of public record, orders, and exhibits attached to the complaint may also be considered. Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir.1993).

FACTUAL BACKGROUND

Plaintiff worked as a systems analyst for Defendant from 1985 until he was laid off in January 2007.  In July 2005, two years prior to his firing, Plaintiff filed a complaint with the EEOC and PHRC alleging Defendant failed to promote him and harassed him because of his age and disability (depression).  (Def's. Mot. to Dismiss at 2).  The parties settled the July 2005 EEOC claim by written agreement.  Id.

---

[1] The Third Circuit instructs district courts to apply the Rule 12(b)(6) standard to a motion to dismiss for failure to exhaust administrative remedies such as this one. Anjelino v. The New York Times Co., 200 F.3d 73, 87 (3d Cir. 1999).

After his termination from Defendant corporation in January 2007, Plaintiff filed second *pro se* EEOC and PHRC complaints, alleging retaliation for filing his July 2005 complaint.  Id. Plaintiff withdrew the 2007 EEOC complaint, and the EEOC issued a "Notice of Rights After Withdrawal of Complaint" allowing Plaintiff to sue.  Id.  Plaintiff then filed this action in Pennsylvania state court under ADEA and various Pennsylvania state statutes, alleging age discrimination and retaliation for his July 2005 complaint.  Defendant removed the action to this Court pursuant to 28 U.S.C. § 1441.

## DISCUSSION

Defendant moves to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to exhaust administrative remedies under 29 U.S.C. § 626, which states "[n]o civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission." 29 U.S.C. § 626(d).  Defendant argues that Plaintiff's 2007 EEOC complaint only alleges retaliation for filing his 2005 EEOC complaint.  Thus, he is prevented from asserting the three age discrimination claims alleged in the underlying Complaint.

Plaintiff claims to have met his obligation under 29 U.S.C. § 626 by incorporating by reference his 2005 EEOC filing, containing age and disability discrimination allegations, in his 2007 EEOC filing.  He asserts that doing so is sufficient to allow pursuit of these claims before this Court.  Thus, he challenges Defendant's motion by asserting that Defendant and the EEOC were presented with all the necessary information surrounding Plaintiff's discharge from PPL.

However, Plaintiff's 2005 EEOC filing was settled by written agreement, and courts in the Eastern District of Pennsylvania have held that claims in an EEOC complaint that are

subsequently settled by mutual written agreement cannot be relitigated before the district court. See Dockins v. Fluor Daniel/GTI, Inc., No. 98-3035, 2000 U.S. Dist. LEXIS 1176 at *13 (E.D. Pa. Feb. 8, 2000) (holding that "[s]ettlements of claims in EEOC or PHRC proceedings are to be treated the same as voluntary settlements of litigation generally" and may not be relitigated). A subsequent civil complaint on the same matter is barred by the settlement agreement signed by the parties. See Davis v. Devereux Found., 644 F. Supp. 482, 485 (E.D. Pa. 1986) (holding that the district court did not have jurisdiction over settled claims presented in a subsequent district court filing). Since the claims in the 2005 EEOC complaint were settled by written agreement, the Court is barred from considering the age discrimination claims alleged in that complaint. In order to exhaust his administrative remedies with regard to the age discrimination claims, Plaintiff needed to allege new instances of age discrimination in his 2007 EEOC complaint. Not having done so, the retaliation claim alleged in the 2007 EEOC complaint is the only properly exhausted claim, which can be brought to this Court in a civil complaint. Under 29 U.S.C. § 626(d), the legal process must begin with the EEOC, not the district court.

   Had Plaintiff not filed his 2007 EEOC complaint *pro se*, the inquiry would end here. However, the Third Circuit notes that because the EEOC "charges are most often drafted by one who is not well versed in the art of legal description...the scope of the original charge should be liberally construed." Hicks v. ABT Assocs., Inc., 572 F.2d 960, 965 (3d Cir. 1978). Therefore, the Court will look to the 2007 EEOC complaint to determine whether "the acts alleged in the [underlying federal] suit are fairly within the scope of the prior [2005] EEOC complaint, or the investigation arising therefrom." Antol v. Perry, 82 F.3d 1291, 1295 (3d Cir. 1996) (quoting Waiters v. Parsons, 729 F.2d 233 (3d Cir.1984)). Third Circuit cases hold that claims are within

4

the scope when the investigating body would be put on notice of the subject matter of the plaintiff's claims.  See id. at 1296.  However, the fact that investigators may uncover other types of discrimination based on the information presented to them in a plaintiff's complaint does not make the later allegations "within the scope."  See id. (holding that discrimination investigation properly focused on gravamen of complaint, "could have" uncovered other discrimination based upon the facts presented is not within the scope); Fleming v. Kramont Employer Royce Realty, Inc., No. 02-2703, 2002 U.S. Dist. LEXIS 15806 at *5 (E.D. Pa. Aug. 16, 2002) (quoting Fugarino v. Univ. Servs., 123 F. Supp. 2d 838 (E.D. Pa. 2000) (the "judicial complaint . . . is 'limited by the charge filed with the EEOC and the investigation which can reasonably be expected to grow out of that charge.'")).

 Although Plaintiff claims to incorporate by reference his 2005 EEOC age discrimination claim into his 2007 EEOC filing, as in Antol it was not the gravamen of the 2007 EEOC claim.  In investigating Plaintiff's 2007 EEOC claim, it is unlikely the EEOC would look for evidence of age discrimination because no new acts of age discrimination were alleged in the 2007 EEOC complaint.  As such, the EEOC would only be looking for evidence surrounding the alleged retaliation for filing his 2005 claim.  Similarly to Antol, the fact that the EEOC could have investigated the claims alleged in the district court complaint will not satisfy the requirement that Plaintiff file his complaint with the EEOC first.

 Fleming, supra, presents facts very similar to the instant action.  There, the Plaintiff was employed as a receptionist and administrative assistant, and allegedly endured harassment and intentional deprivation of information necessary to properly perform her job.  After her discharge, she filed a complaint with the EEOC alleging only racial discrimination.  Id.  She

subsequently filed a complaint in district court alleging racial discrimination, gender discrimination, intentional infliction of emotional distress and retaliation.  Id. at *4, *10.  The court granted Defendant's motion to dismiss on the gender discrimination, retaliation, and intentional infliction of emotional distress claims, stating "Plaintiff's . . . claim [was] not fairly within the scope of the EEOC charge" because she had not brought similar claims to the EEOC before filing them in district court.  Id. at *7; see also Merriweather v. Phila. Fed'n of Teachers Health & Welfare Fund, No. 01-476, 2001 U.S. Dist. LEXIS 8149 (E.D. Pa. June 19, 2001) (granting summary judgment as to additional racial discrimination claim not first filed with EEOC); Okokuro v. Pennsylvania Dep't of Welfare, No. 00-2044, 2001 U.S. Dist. LEXIS 1939 (E.D. Pa. Feb. 26, 2001) (granting summary judgment on claims not first brought before EEOC); Kasali v. J.P. Morgan, No. 04-500, 2004 U.S. Dist. LEXIS 20336 (E.D. Pa. Sept. 28, 2004) (granting summary judgment as to age discrimination claims not first brought before EEOC); Little v. SEPTA, No. 01-4986, 2003 U.S. Dist. LEXIS 5512 (E.D. Pa. Apr. 3, 2003) (granting summary judgment as to retaliation claim not included in EEOC complaint).

      The facts of the underlying action are nearly identical to Fleming.  There, plaintiff brought a complaint for racial discrimination before the EEOC, then included retaliation and gender discrimination claims in the subsequent district court complaint.  In this case, Plaintiff brought a retaliation claim before the EEOC, but includes age discrimination claims in the complaint filed with the district court.  Since plaintiff cannot rely on the acts of age discrimination alleged in his 2005 EEOC complaint, and he does not allege new acts of age discrimination in his 2007 EEOC complaint, he has failed to exhaust his administrative remedies with regard to his age discrimination claims in violation of 29 U.S.C. § 626(d).  Accordingly, the

Court will grant Defendant's motion to dismiss on Counts I, II and IV.

    An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREGORY FESSLER, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | NO. 08-cv-1756 |
| | : | |
| PPL UTILITIES CORPORATION, | : | |
| Defendant | : | |

**ORDER**

AND NOW, this 12th day of August, 2008, upon consideration of Defendant's motion to dismiss, Plaintiff's response, and Defendant's Reply, it is hereby ORDERED that said motion (Docket No. 5) is GRANTED.

IT IS FURTHER ORDERED that Counts I, II and IV of Plaintiff's Complaint are DISMISSED with prejudice.[1]  Defendant shall answer the remaining counts of the Complaint within ten (10) days.

BY THE COURT:

/s/ Thomas M. Golden
THOMAS M. GOLDEN, J.

---

[1] Plaintiff's claims are dismissed with prejudice because amendment of the Complaint would be futile. Plaintiff cannot amend his complaint to successfully meet the requirements of 29 U.S.C. § 626. PHRA claims must be brought within 180 days of the incident (Plaintiff's firing). ADEA claims must be brought before the EEOC within 300 days of the incident. See Watson v. Eastman Kodak Co., 235 F.3d 851, 854 (3d Cir. 2000) (noting that the time to file a complaint with the EEOC is extended from 180 days to 300 days due to Pennsylvania anti-discrimination statutes). More than 300 days have passed since his firing, as he was dismissed on January 31, 2007. Thus, Plaintiff is time-barred from filing a new EEOC or PHRA complaint alleging age discrimination. Accordingly, dismissal with prejudice is appropriate.